In the Matter of GREAT NECK WATER AUTHORITY, Petitioner, v. WATER RESOURCES COMMISSION OF THE DEPARTMENT OF CONSERVATION OF THE STATE OF NEW YORK, Respondent, and CITIZENS WATER-SUPPLY COMPANY OF NEWTOWN, Intervenor-Respondent.

Third Department, November 17, 1964.

*Schiffmacher & Rochford* (*Howard A. Rochford* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Richard H. Shepp* of counsel), for respondent.

*Whitman, Ransom & Coulson (Arthur L. Webber, Dugald Campbell Brown* and *Frederic Peter O'Hara* of counsel), for intervenor-respondent.

TAYLOR, J. This is an article 78 CPLR proceeding in which petitioner, Great Neck Water Authority ("Authority"), a public benefit corporation organized in 1959 under the Public Authorities Law (art. 5, tit. [10] 7-A) and empowered to supply and sell water within a Water Authority District comprising a portion of the Great Neck Peninsula in the Town of North Hempstead, Nassau County, substantially coterminous with that served by an existing water supply system owned and operated by intervenor, Citizens Water-Supply Company of Newtown ("Company"), seeks to review and annul a determination of the Water Resources Commission of the Department of Conservation, made after a hearing, that the plans, as proposed, were not justified by public necessity. The rejection of the application was without prejudice to its renewal should future events show the existence of public necessity for the acquisition. Prior negotiations between Authority and Company for the purchase and sale of the existing water system having failed, the petitioner initially instituted a condemnation proceeding without the approval of the commission. Its petition was dismissed upon a holding that such was a prerequisite to condemnation. (*Great Neck Water Auth.* v. *Citizens Water Supply Co.*, 12 N Y 2d 167.)

The act (Public Authorities Law, § 1254) empowers petitioner to acquire by purchase an existing water supply system situated wholly within its district or to condemn any such within the territorial limits of the town in the manner provided by the Condemnation Law. In the exercise of such power, with a proviso not here pertinent, "the property being condemned shall be deemed, when so determined by the authority, to be for a public use superior to the public use in the hands of any other person, association, or corporation" (subd. 6). It is also provided that "[n]othing contained in this title shall be held to alter or abridge the powers and duties of * * * the water power and control commission [Water Resources Commission] over water supply matters." (§ 1272.)

The Conservation Law (§ 450, subd. [1], pars. [a], [h], as amd. by L. 1960, ch. 7, § 4) provides that "[n]o * * * public corporation * * * proposing to engage in, the * * * distribution of water for potable purposes * * *

shall have any power \* \* \* to acquire or take a water supply \* \* \* from an existing approved source \* \* \* until such \* \* \* public corporation has first submitted the maps and plans therefor to the Commission \* \* \* and until the Commission shall have approved the same ''. The application to the commission for approval of an acquisition is required to show, where applicable, '' the need for the particular source or sources of supply and the reasons therefor '' (§ 451, subd. [1]). The statute also directs the commission, after a hearing, to '' determine whether the plans proposed are justified by public necessity '' (subd. [4]).

The commission's summarized finding was that there was '' no evidence that this acquisition would result in substantial benefits to the ultimate consumers, nor has it been shown by the applicant that a public necessity exists for the project, at this time.''

The Authority principally argues that its own determination that the water system sought to be condemned is for a public use superior to such use in the hands of the private owner and a showing of the indispensability of the installations to its needs and purposes mandated, as a matter of law, a finding by the commission that the plan proposed was justified by public necessity. We are unable to sustain this contention.

A preliminary determination by the Authority of a superior public use as an incident to the exercise of the right of eminent domain granted by the statute which created it cannot be equated to the establishment of public necessity. To hold otherwise would diminish the power and duty confided to the commission by the Conservation Law to determine whether a proposed acquisition is justified by public necessity, the abridgement of which the creating act itself expressly proscribes. Nor do we perceive in the statute any suggestion of a legislative purpose to constrict the commission's fact-finding function in the area of its expertise (Conservation Law, § 431, subd. [3], par. [d]) by requiring that conclusive weight on the issue of public necessity be given to the economic infeasibility of the construction and maintenance of a water supply system of coincident boundaries — the indispensable need concept. Substantial evidence supports the decision of the commission and we may not disturb its conclusion. (*Matter of Spring Val. Water Works & Supply Co.* v. *Wilm,* 14 A D 2d 658, and cases cited therein.)

The determination should be confirmed.

HERLIHY, J. P., REYNOLDS, AULISI and HAMM, JJ., concur.

Determination confirmed, with $75 costs.